ORIGINAL

United States District Court
Southern District of Texas
FILED

SEP 0 4 2014  3B

David J. Bradley, Clerk
Laredo Division

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | Criminal No. 5:14cr780 |
| RICARDO RANGEL | § | |

## PLEA AGREEMENT

The United States of America, by Kenneth Magidson, United States Attorney for the Southern District of Texas, and through Daniel C. Rodriguez, Assistant United States Attorney, and the defendant, Ricardo Rangel and the defendant's counsel, Nathan Henry Chu, pursuant to Rule **11(c)(1)(A)** of the Federal Rules of Criminal Procedure, state that they have entered into an agreement, the terms and conditions of which are as follows:

### The Defendant's Agreements

1. The Defendant agrees to each of the following:

(a) Defendant pleads guilty to a One Count Criminal Information in this case charging Extortion Under Color of Official Right in violation of Title 18, United States Code, 1951(a) and persists in that plea through sentencing;

(b) Defendant agrees to provide all information relating to any criminal activity known to defendant, including, but not limited to, the charged Extortion

1

Under Color of Official Right offense, and defendant understands that such information includes both state and federal offenses arising therefrom;

(c) Defendant agrees to testify truthfully as a witness before a grand jury or in any other judicial or administrative proceeding when called upon to do so by the United States;

(d) Defendant agrees to waive his Fifth Amendment privilege against self-incrimination for the purpose of this agreement;

(e) Defendant agrees to voluntarily attend any interviews and conferences as the United States may request;

(f) Defendant agrees to provide truthful, complete and accurate information and testimony;

(g) Defendant agrees to provide to the United States all documents in his possession or under his control relating to all areas of inquiry and investigation;

(h) Defendant agrees to pay a minimum fine of $20,000 in the above captioned case at the time of his sentencing;

(i) Defendant agrees to waive his right to contest his conviction or sentence by means of any post-conviction proceeding except that he may appeal a sentence based on an upward departure from the *United States Sentencing Guidelines*, which upward departure had not been requested by the United States;

(j)  Defendant agrees, upon entering his guilty plea, to immediately notify the appropriate election authorities of his guilty plea; *and*

(k)  Defendant agrees that by entering this plea he is waiving any right to have the facts that the law makes essential to the punishment to be either charged in an indictment, proved to a jury, or proven beyond a reasonable doubt.

## Punishment Range

2.  The **statutory** maximum penalty for each violation of Title 18, United States Code, Section 1951(a), is imprisonment of not more than twenty years and/or a fine of not more than $250,000. Additionally, the defendant may receive a term of supervised release after imprisonment of up to three years. Title 18, U.S.C. §§ 3559(a)(3) and 3583(b)(2). Defendant acknowledges and understands that if he should violate the conditions of any period of supervised release which may be imposed as part of his sentence, then defendant may be imprisoned for the entire term of supervised release, without credit for time already served on the term of supervised release prior to such violation. Title 18, U.S.C. §§ 3559(a)(3) and 3583(e)(3). Defendant understands that he cannot have the imposition or execution of the sentence suspended, nor is he eligible for parole.

**Mandatory Special Assessment**

3. Pursuant to Title 18, U.S.C. § 3013(a)(2)(A), immediately after sentencing, defendant will pay to the Clerk of the United States District Court a special assessment in the amount of one hundred dollars ($100.00) per count of conviction. The payment will be by cashier's check or money order payable to the Clerk of the United States District Court, c/o District Clerk's Office, P.O. Box 61010, Houston, Texas 77208, Attention: Finance.

**Fine and Reimbursement**

4. Defendant understands that under the Sentencing Guidelines, the Court is permitted to order the defendant to pay a fine that is sufficient to reimburse the government for the costs of any imprisonment or term of supervised release; if any is ordered.

5. Defendant agrees that any fine or restitution imposed by the Court will be due and payable immediately, and defendant will not attempt to avoid or delay payment.

6. Defendant agrees to make complete financial disclosure by truthfully executing a sworn financial statement (Form OBD-500) prior to sentencing if he is requested to do so. In the event that the Court imposes a fine or orders the payment of restitution as part of the Defendant's sentence, the Defendant shall make complete

4

financial disclosure by truthfully executing a sworn financial statement immediately following his sentencing. Further, the Defendant agrees to full restitution to the victim(s) regardless of the counts of conviction.

**Immigration Consequences**

7.  If the defendant is not a citizen of the United States, a plea of guilty may result in deportation, exclusion from admission to the United States, or the denial of naturalization.

**Waiver of Appeal**

8.  Defendant is aware that Title 28, United States Code, § 1291, and Title 18, United States Code, § 3742, afford a defendant the right to appeal the conviction and sentence imposed. The defendant knowingly and voluntarily waives the right to appeal the conviction and the sentence imposed, or the manner in which the sentence was determined. Additionally, the defendant is aware that Title 28, United States Code, § 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the conviction or sentence has become final. The defendant knowingly and voluntarily waives the right to contest his conviction or sentence by means of any post-conviction proceeding.

9.  In agreeing to these waivers, defendant is aware that a sentence has not yet been determined by the Court. The defendant is also aware that any estimate of

the possible sentencing range under the sentencing guidelines that he may have received from his counsel, the United States or the Probation Office, is a prediction, not a promise, **did not induce his guilty plea**, and is not binding on the United States, the Probation Office or the Court. The United States does not make any promise or representation concerning what sentence the defendant will receive. Defendant further understands and agrees that the United States Sentencing Guidelines are "effectively advisory" to the Court. *United States v. Booker*, 125 S.Ct. 738 (2005). Accordingly, Defendant understands that, although the Court must consult the Sentencing Guidelines and must take them into account when sentencing Defendant, the Court is not bound to follow the Sentencing Guidelines nor sentence Defendant within the calculated guideline range.

10. The Defendant understands and agrees that each and all waivers contained in the Agreement are made in exchange for the concessions made by the United States in this plea agreement.

**The United States' Agreements**

11. The United States agrees to each of the following:

(a) If defendant pleads guilty to the One Count Criminal Information and persists in that plea through sentencing, and if the Court accepts this plea agreement, the United States will not further criminally prosecute

the Defendant Ricardo Rangel for offenses arising from the investigation related to the Criminal Information in this case;

(b) At the time of sentencing, the United States agrees not to oppose defendant's anticipated request to the Court and the United States Probation Office that he receive a two-level downward adjustment pursuant to U.S.S.G. Section 3E1.1(a) should the defendant accept responsibility as contemplated by the Sentencing Guidelines;

(c) If the defendant qualifies for an adjustment under U.S.S.G. Section 3E1.1(a), the United States agrees not to oppose the defendant's request for an additional one level departure based on the timeliness of the plea or the expeditious manner in which the defendant provided complete information regarding his role in the offense if the defendant's offense level is 16 or greater; *and*

(d) The United States agrees to recommend to the court that the Defendant be sentenced at the low end of the court determined sentencing guideline range.

**Agreement Binding - Southern District of Texas Only**

12. This plea agreement binds only the United States Attorney's Office for the Southern District of Texas and the Defendant; it does not bind any other United States Attorney.

**United States' Non-Waiver of Appeal**

13. The United States reserves the right to carry out its responsibilities under guidelines sentencing. Specifically, the United States reserves the right:

   (a) to bring its version of the facts of this case, including its evidence file and any investigative files, to the attention of the Probation Office in connection with that office's preparation of a presentence report;

   (b) to set forth or dispute sentencing factors or facts material to sentencing;

   (c) to seek resolution of such factors or facts in conference with defendant's counsel and the Probation Office;

   (d) to file a pleading relating to these issues, in accordance with U.S.S.G. Section 6A1.2 and Title 18, U.S.C.§ 3553(a); *and*

   (e) to appeal the sentence imposed or the manner in which it was determined.

**Sentence Determination**

14. Defendant is aware that the sentence will be imposed after consideration of the United States Sentencing Guidelines and Policy Statements, which are only advisory, as well as the provisions of Title 18, U.S.C. § 3553(a).

Defendant nonetheless acknowledges and agrees that the Court has authority to impose any sentence up to and including the statutory maximum set for the offense to which Defendant pleads guilty, and that the sentence to be imposed is within the sole discretion of the sentencing judge after the Court has consulted the applicable Sentencing Guidelines. Defendant understands and agrees the parties' positions regarding the application of the Sentencing Guidelines do not bind the Court and that the sentence imposed is within the discretion of the sentencing judge. If the Court should impose any sentence up to the maximum established by statute, or should the Court order any or all of the sentences imposed to run consecutively, Defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this plea agreement.

**Rights at Trial**

15. Defendant represents to the Court that he is satisfied that his attorney has rendered effective assistance. Defendant understands that by entering into this agreement, he surrenders certain rights as provided in this plea agreement. Defendant understands that the rights of a defendant include the following:

(a) If the defendant persisted in a plea of not guilty to the charges, the defendant would have the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if the defendant, the United States, and the court all agree;

(b) At a trial, the United States would be required to present witnesses and other evidence against the defendant. Defendant would have the opportunity to confront those witnesses and his attorney would be allowed to cross-examine them. In turn, the defendant could, but would not be required to, present witnesses and other evidence on his own behalf. If the witnesses for the defendant would not appear voluntarily, he could require their attendance through the subpoena power of the court; *and*

(c) At a trial, the defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify. However, if the defendant desired to do so, he could testify on his own behalf.

**Factual Basis for Guilty Plea**

16. Defendant is pleading guilty because he is guilty of the charge contained in the One Count Criminal Information. If this case were to proceed to trial, the United States could prove each element of the offense beyond a reasonable doubt and could prove all of the following facts beyond a reasonable doubt:

On or about March 25, 2012, in the Southern District of Texas, and within the jurisdiction of this Court, the defendant, **RICARDO RANGEL** (Rangel), did knowingly and unlawfully obstruct, delay and affect and attempt to obstruct, delay and affect interstate and foreign commerce by extortion, in that the defendant **RICARDO RANGEL**, while performing his duties as a Justice of the Peace, did wrongfully and unlawfully obtain property, namely $250.00 in U.S. currency, not due him or his office from a bail bondsman, with his consent under color of official

right, in exchange for granting a $1,000.00 surety bail bond on an individual who had been arrested and charged with the Texas Criminal offense of driving while intoxicated. All in violation of Title 18, United States Code, Section 1951(a).

On March 25, 2012, a bondsman, hereinafter referred to as "JER," and Webb County Justice of the Peace Ricardo Rangel had a telephone conversation and exchanged text messages regarding the bond for an individual, hereinafter referred to as "KAB" who was arrested and charged on March 25, 2012, with the Texas State criminal offense of Driving While Intoxicated. On the same day, JER telephoned Rangel and said, "Lety called me and told me that this guy has a DWI on a bond from Martinez and they have $500. Can you do anything?" Rangel then told JER, "I will put a $1,000 bond."

The following conversation took place through text messages and was captured on a court ordered Title III wire intercept:

**JER to Rangel at 2:30 p.m.:** KAB dob 3-18-92 DWI c/b omtz.

At 2:31 p.m., Rangel telephoned the Webb County Jail and set KAB's bond at $1,000. The following conversation then took place through text messages:

**JER to Rangel at 2:33 p.m.:** Thk u Judge, Yvette Mchs.

Investigation established that "Yvette" is an employee of Border Bail Bonds and also works at a "Maquinita" owned by JER.

11

**Rangel to JER at 2:36 p.m.:** Ok than[k] u.

Following this conversation Rangel called his assistant Rolando, hereinafter "RS" and told RS, "go see Yvette there with JER at the Maquinitas." After RS arrived at the Maquinita he telephoned Rangel and said, "Yvette is not in, only Ashley." Rangel then directed RS to telephone JER. After RS attempted several times, unsuccessfully, to contact JER, Rangel sent JER a text message that said, "Kike talk to [Y]asenia [R]oly is there please." After RS left the Maquinita he telephoned Rangel and stated, "Rangel, do you need the money right now? They already gave it to me but I'm going home." Rangel then directed RS to proceed to Rangel's residence to deliver the money. After this telephone conversation the following text messages were captured:

**JER to Rangel at 4:12 p.m.:** They know now.

**JER to Rangel at 4:14 p.m.:** It's done.

**JER to Rangel at 4:14 p.m.:** 250.

At 5:35 p.m., RS telephoned Rangel and stated, "Don't leave so I can bring you that." At 5:41 p.m., a pole camera captured RS arriving at Rangel's residence located in Laredo, Texas. The camera recorded RS meeting with an individual on the front porch and handing that individual something. At 5:42 p.m., RS departed Rangel's residence.

Webb County Jail records reflect that on March 25, 2012, Rangel granted KAB a $1,000 bond and that KAB was then released.

**Breach of Plea Agreement**

17. If defendant should fail in any way to fulfill completely all of the obligations under this plea agreement, the United States will be released from its obligations under the plea agreement, and the defendant's plea and sentence will stand. If at any time defendant retains, conceals or disposes of assets in violation of this plea agreement, or if defendant knowingly withholds evidence or is otherwise not completely truthful with the United States, then may move the Court to set aside the guilty plea and reinstate prosecution. Any information and documents that have been disclosed by defendant, whether prior to or subsequent to this plea agreement, and all leads derived therefrom, will be used against defendant in any prosecution.

18. Whether the defendant has breached any provision of this plea agreement, if contested by the parties, shall be determined by the Court in an appropriate proceeding during which the defendant's disclosures and documentary evidence shall be admissible and during which the United States shall be required to establish a breach of the plea agreement by a preponderance of the evidence.

**Forfeiture**

19. This plea agreement is being entered into by the United States on the basis of defendant's express representation that he will make a full and complete disclosure of all assets over which he exercises direct or indirect control, or in which he has any financial interest.

**Complete Agreement**

20. This written plea agreement, consisting of 17 pages, including the attached addendum of defendant and his attorney, constitutes the complete plea agreement between the United States, defendant, and his counsel. No promises or representations have been made by the United States <u>except</u> as set forth in writing in this plea agreement. Defendant acknowledges that no threats have been made against him and that he is pleading guilty freely and voluntarily because he is guilty all parties.

Filed at Laredo, Texas, on ___9/4___, 2014.

_____
Ricardo Rangel                Defendant

Subscribed and sworn to before me on Sept. 4 , 2014.

DAVID J. BRADLEY, Clerk
UNITED STATES DISTRICT CLERK

By: _____
Deputy United States District Clerk

APPROVED:

Kenneth Magidson
United States Attorney

By: _____     _____
Daniel C. Rodriguez                  Nathan Henry Chu
Assistant United States Attorney     Attorney for Defendant
Southern District of Texas
Telephone: 713.567.9638
Facsimile: 713.718.3300

15